McKinney, J.,
delivered the opinion of the Court.
This was an action on the case, brought by the defendant in error, for the seduction of his daughter. Verdict and judgment for the plaintiff, for $300 00. The defendant appealed in error.
The first error assigned, is upon the instructions of the Court.
On the trial, it was insisted by the defendant’s counsel, that to make out a case of seduction, it must be shown that the defendant prevailed by means of deception, flattery, or false promises, whereby the confidence of the person seduced was abused, and her chastity overcome. But the Court instructed the jury: “That it was not necessary for the plaintiff to show that the defendant had used flattery, or made false promises to his daughter; that it would be sufficient if the seduction resulted from the solicitation and importunity of the defendant, to the daughter, to indulge in criminal intercourse, in consequence of which she consented.” There is no error in this instruction. So far as the right to maintain this action is concerned, it cannot be at all important by what means, or by which of the multifarious devices of the seducer, he may have prevailed in the accomplishment of his purpose. It is enough, that by any means, or arts, he tempted or persuaded his victim to the surrender of her chastity.
Secondly. The daughter was examined as a witness. The defendant’s counsel put the question to *582 her, whether she had not had sexual intercourse with one Watkins, at a time and place specified, prior to her alleged seduction by the defendant. This question was objected to, and the objection -was sustained by the Court.
In this the Court ruled correctly. We need not, for the determination of the question properly raised upon this record, enter upon any discussion of the” vexed question, whether a witness can be forced to answer a question to Ms own disgrace — a question, it seems, which is still open for consideration. 1 Vol. Starkie on Ev., sec. 25. However this may be, it is well settled, that a witness is not bound to answer any question, if the answer would expose him to criminal punishment, or penal liability. Ibid., sec. 23. And by our act of 1741, ch. 14, sec. 9; fornication is made subject to penal punishment.
It is laid down by Greenleaf, (2 Yol., sec. 577,) that the general character of the female, for chastity, is considered to be involved in the issue, and may, therefore, be impeached by general evidence. But she cannot be interrogated as to acts of unchastity with others; though the persons who may have had criminal intercouse with her may be called to testify to the fact. The impeachment of her chastity, however, would not go to defeat the parent’s right of action, but only in mitigation of damages.
Thirdly. The Court refused to permit the defendant to introduce evidence to show, that the plaintiff, sometime before the alleged seduction of his daughter, had abored under the venereal disease. /
In this there is no error. It seems that evidence *583 is admissible to show, that the plaintiff is a man of “profligate principles and dissolute habits.” 2 Green-leaf’s Ev., sec. 579. But this must be done by general evidence of his reputation in that respect, evidence of a particular fact is not allowable.
There is no error in the record, and the judgment will be affirmed.